[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #129
CT Page 12702
This is a Motion for Summary Judgment filed by a defendant who has been added by another defendant for allocation purposes pursuant to Connecticut General Statutes § 52-572h.
The moving defendant, Daniel J. Herrin, Jr., has attached to his motion documentary evidence establishing that he has settled [with of]* this action and has received a release from the plaintiff for claims arising from the injuries which give rise to this litigation. Thus, the defendant, Herrin, claims to be a "settled and released person" as that term is used in § 52-572h.
The defendant, Herrin, was added as a defendant by the defendants, Riverdale Restaurant, Konstantinos Yiannkoulis, Demetris Daoutis and D Y of Conn., Inc., on the ground that he must be a defendant in order for any negligence on his part to be considered for apportionment purposes under § 52-572h.
Recognizing that there is a split of authority on this issue, this court agrees with those decisions which hold that a "settled and released person" is not a necessary party nor should such a person be added as a defendant solely for purposes of apportioning liability under § 52-572h.
Assuming apportionment of liability is otherwise appropriate[1], any negligence of Daniel J. Herrin, Jr., is subject to inclusion in the apportionment formula without him being a party, by virtue of his status as a "settled and released person".
The Motion for Summary Judgment is therefore granted.